ORIGINAL

FILED IN CLERK'S OFFICE

APR 2 9 2004

LUTHER D. THOMAS, Clerk
By: T. Finley Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC. )  |  |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 1:04-CV-0864 (CAP) |
| ) | |
| GOOGLE, INC. ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER

### I.    *Introduction*

Digital Envoy's choice to bring suit in this Court should not be
disturbed by Google's unreasoned application of generic case law to the
specific facts of this case.   Google attacks what it refers to as a
"transparent" case where plaintiff "awkwardly" tacks on tort claims to a
contract action in a well-settled fruitless effort to avoid a forum selection
clause.  But Google does not attack Digital Envoy's legitimate, non-
contractual tort case.  Google's performance of its essential obligations
under the contract — to pay for the use of Digital Envoy's technology in

Google's search business — is not at issue. Instead, what Google has done is tortious and *extra*-contractual, in that Google wrongfully uses Digital Envoy's technology in its non-search businesses. Google has no license for such uses because the contract does not grant it or otherwise establish the rights or responsibilities of the parties for such uses. Thus, the contract is *evidence* of Google's wrongful activity but the action does not regard the contract as required in order for the choice of venue clause to apply.

Accordingly, Digital Envoy opposes Google's motion because the choice of venue clause does not apply to this civil action. Google does not otherwise contest venue so the motion should be DENIED in its entirety and Digital Envoy, a Georgia corporation, should be permitted to seek redress for the torts committed against it by Google in this Georgia forum.

## II.    *Statement of Material Facts*

Digital Envoy invented and developed proprietary technology enabling the determination of the approximate geographic location of a visitor to a website. Google licensed this technology for use in its search business only, and properly used this technology to geographically target paid links on its search site. Google's paid link program has been successful, and its success is largely attributed to *targeting* the links to

maximize click-through rates. In early 2003, Google expanded the reach of customers enrolled in its paid links program (called "AdWords" customers) to third party web sites. With this expansion, Google fully launched advertising as a distinct business model, and it has consistently and publicly distinguished its search business from its non-search business ventures.

This dispute arises because Google set up its third party advertising program (called "AdSense") with geographic targeting as a feature, using Digital Envoy's proprietary technology beyond the scope of the license which is limited to the search business and also does not permit Google to share the technology with third parties. Digital Envoy asserts claims for misappropriation of trade secrets, unfair business practices (federal, state and common law) and unjust enrichment.

Digital Envoy's allegations giving rise to these claims are of the utmost importance in determining whether the forum selection clause applies. That Google contends its actions fall within the scope of its license is immaterial since the question before the Court is whether *Digital Envoy's* contentions must be heard in California. Thus, in considering this motion, the following should be considered:

➢ Digital Envoy contractually agreed to provide its technology to Google for use in Google's search business. *See* "Agreement", Exhibits B – E of Google's Memorandum of Law.

➢ Google agreed to pay Digital Envoy for this use. Id.

➢ Digital Envoy does not contend that Google failed to pay Digital Envoy as required under the Agreement.

➢ Google began using Digital Envoy's technology for non-search purposes and did not pay Digital Envoy for this use. *See* Complaint, ¶¶ 41 and 43, and others.

➢ Digital Envoy contends this use is extra-contractual in that Google did not obtain a license for such use under the Agreement or under any other contract or understanding between the parties.

➢ No agreement exists which governs the extra-contractual use of Digital Envoy's technology by Google. *See* Complaint, ¶ 69.

With these allegations, Digital Envoy claims that Google stole Digital Envoy's proprietary data and technology, engaged in various acts of unfair competition and that Google has been unjustly enriched. None of these claims depend on the existence of any contract between the parties at all. Google's claim that its uses were authorized under the Agreement is merely a defense by Google, and the Agreement is merely one piece of evidence in support. Digital Envoy's claim is independent of the contract since the claim would still be the same if there was no Agreement between the parties at all.

The other agreement referred to by Google (the " NDA") applies only to information disclosed in connection with "a *business opportunity* in the field of using [Digital Envoy's] geographic location technology *with Google's search technology*." *See* the "NDA", Google's Memorandum of Law, Exhibit A, first paragraph. (Emphasis added). No such disclosure is involved in this case as the business opportunity was consummated and then Google obtained the information which is the subject of the lawsuit. Accordingly, the venue provision in the NDA is wholly immaterial to this action.

For these reasons. Digital Envoy does not assert a breach of contract in this action, not because it is attempting to engage in "machinations" to avoid a venue selection clause, but because none of these allegations are parallel to a breach of contract action since Google performed its essential obligation as to uses of Digital Envoy's technology within the scope of the Agreement. The acts complained of in this complaint constitute independent torts against Digital Envoy for which Digital Envoy is entitled to seek redress in this court.

## III.    *Argument and Citation of Authorities*

### A.    **Google's Rule 12(b)(3) motion is procedurally improper**

Evidently, to avoid its obligation to answer the complaint and delay discovery, Google asserted a Rule 12(b)(3) motion which seeks dismissal due to improper venue. However, Google does not argue that venue in this district is improper, only that the contractual provision binds the parties to accept a different venue. As a result, Google's motion is improper under Rule 12 and should only be considered as a motion to transfer under 28 U.S.C. § 1404(a) which controls requests to apply a contractual forum-selection clause.

Google's mistake here underscores its lack of reasoned analysis of the applicable law. Google relies on <u>Lipcon v. Underwriters at Lloyd's, London,</u> 148 F.3d 1285 (11th Cir. 1998) for the proposition that motions based on forum selection clauses are properly brought as Rule 12(b)(3) motions. However, this proposition applies to forum selection clauses which exclude any alternate federal court. In <u>Lipcon,</u> the provision selected England as the sole forum for disputes. <u>Id.</u> at 1288. In analyzing this provision, the 11th Circuit first recognized that *28 U.S.C. § 1404(a)* "governs district court decisions in enforcing forum-selection clauses." <u>Id.</u> at 1290, relying on the United States Supreme Court holding in <u>Stewart Organization, Inc. v. Ricoh Corp.,</u> 487 U.S. 22, 29, 108 S.Ct. 2239, 2243 (1988).

Next, the court acknowledged that 28 U.S.C. § 1404(a) cannot "apply in cases that involve a forum-selection clause that requires litigation in another *country*." <u>Id.</u> (emphasis in original). The court, in the portion of the holding recited by Google, was simply concerned with the proper rule under which dismissal due to such a clause would be "cognizable" so that it could apply the appropriate standard of review. <u>Id.</u> at 1289.

So the very case relied upon to justify filing the motion under Rule 12 is the Eleventh Circuit's controlling precedent for the opposite proposition.

Another case relied upon by Google is in accord. In <u>National Micrographics Systems, Inc. v. Canon U.S.A., Inc.</u>, 825 F. Supp. 671, 678 (D. N.J. 1993), the court held that dismissal on the basis of a forum selection clause is "an improper application of Rule 12(b)(3)." The court further explained that "Rule 12(b)(3) provides for a motion to dismiss for improper venue" and venue is defined by 28 U.S.C. § 1391. <u>Id.</u> Under § 1391, the determination of proper venue depends on a variety of factors, but it "does not list 'forum selection clauses' as a factor to be considered when determining where venue may be laid." <u>Id.</u> The court concluded that "The fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue . . ." <u>Id.</u> at 679.

**B.    This action should not be transferred under § 1404(a)**

**1.    Applicable legal standards**

The United States Supreme Court in <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 30, 108 S.Ct. 2239, 2243 (1988) held that federal law governs a venue dispute involving a forum-selection clause.

Application of federal law does not mean, however, that this case is controlled by other federal cases enforcing the particular language of a forum-selection clause to the particular facts and circumstances of the

particular civil action before the court. Instead, "interpreting the language of the forum selection clause is necessary to the section 1404(a) analysis." Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 692 (8th Cir. 1997).

Thus, reliance on the cases which generally hold such clauses to be valid, or shift the burden to the party opposing a motion to transfer, puts the cart before the horse. The Eighth Circuit clarified: "Before a district court can even consider a forum selection clause in its transfer analysis, it first must decide whether the clause applies to the type of claims asserted in the lawsuit." Id. In National Micrographics Systems, Inc. v. Canon U.S.A., Inc., 825 F. Supp. 671, 675 (D. N.J. 1993), another case relied upon by Google, the court recognized that "Because these forum selection clauses are the predicate for Canon's motion, we must first address at the threshold the issue of whether NMS's claims fall within the ambit of these clauses."

Accordingly, Google's reliance on forum selection clause validity law to shift the burden of proof for this motion to Digital Envoy is misplaced. See Google's Memorandum at 6. Google correctly states that the burden is on plaintiff once the forum selection clause is found to be applicable to the case to prove that the selected forum is seriously inconvenient. However,

Google improperly attempts to bootstrap this burden to avoid its own burden

to prove clearly that the forum selection clause is applicable.  Digital Envoy

does not contest the validity of the clause or that it should not be enforced

due to fraud.  Instead, Digital Envoy contends that the clause itself does not

apply to this case, and movant Google retains the heavy burden of proving

that it does.  Headrick v. Atchison, T. & S. F. R. Co., 182 F.2d 305, 311

(10th Cir. 1950) (clear and convincing proof required); Factors, Etc., Inc. v.

Pro Arts, Inc., 579 F.2d 215, 218 (2nd Cir. 1978) (clear and convincing proof

required); *see also* Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966);

Reyno v. Piper Aircraft Co., 630 F.2d 149, 156 (3rd Cir. 1980 (reversed on

other grounds).  Additionally, Circuit Courts have consistently held that the

weight given to a plaintiff's choice of forum is entitled to substantial weight

and should rarely be disturbed.  *See* Jumara v. State Farm Ins. Co., 55 F.3d

873, 879 (3rd Cir. 1995); Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir.

1992).

Courts from this District have adopted the following statement

applicable to Google's burden of proof in this motion:

> Absent clear justification, courts in this district have uniformly
> declined to override a plaintiff's choice of forum.  Accordingly,
> the movant in a motion to transfer venue bears the burden of

demonstrating that the balance of convenience and justice weighs heavily in favor of the transfer. This burden is especially taxing where, as here, plaintiff has elected to bring suit in the district in which he resides.

MacMillan Bloedel, Inc. v. Hamric Transportation, Inc., 617 F. Supp.

447, 448 (N.D. Ga. 1985) (citations and quotation marks omitted).

*See also* Electronic Transaction Network v. Katz, 734 F. Supp. 492,

501 (N.D. Ga. 1989); Acrotube, Inc. v. J.K. Financial Group, Inc., 653

F. Supp. 470, 477 (N.D. Ga. 1987).

Logically, construction of the language of the clause and its application to the underlying facts is the critical analysis required when determining whether tort claims are covered by the clause. "Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." Berrett v. Life Ins. Co. of the Southwest, 623 F. Supp. 946, 948-49 (D. Utah 1985).

### 2. The forum selection clause does not apply

Section 12 of the Agreement provides that "[a]ny lawsuit regarding this Agreement shall be filed in the state or federal courts in Santa Clara County, California." As set forth above, the Agreement does not establish

the rights or responsibilities of either party pertaining to Google's use of Digital Envoy's technology complained of in this Action. As such, the lawsuit is not "regarding" this Agreement, but instead is properly brought as independent tort claims.

Google's response in anticipation of this argument is that Digital Envoy "cannot seriously contend" that the forum selection clause does not apply and to cite inapplicable, generic case law where the forum selection clause contains broader language and the tort claims were intertwined with the contract claims. Google's harsh words and string cites fall far short of meeting *its* burden to compel the rejection of Digital Envoy's chosen forum for its tort claims. Google attacks Digital Envoy's claims as parallel to an unasserted contract claim. A proper understanding of Digital Envoy's case reveals that Google's motion should be denied because there is no compelling argument that the forum selection clause applies to this case.

Digital Envoy's "serious contention" that the forum selection clause does not apply to the independent tort claims has been accepted in similar cases. In Karlberg European Transpa, Inc. v. JK-Josef Kratz Vertriebsgeslischaft MbH, 699 F. Supp. 669 (N.D. Ill. 1988) the court found that the tort claims involved defendants breach of duties owing in court

rather than contract.  699 F. Supp. at 672.  The court specifically rejected the argument that the claims were "semantical manipulations of actions based on the [contract]" such that the claims do not arise out of the contract.  Id.

Further in Karlberg, the court rejected the argument advanced by Google, by rejecting the cases which "conclude that these non-contract actions are intertwined with the contract claims or merely artfully drafted anti-trust or tort claims grounded in the contract."  Id. at 670.  The same distinguishing factor found in Karlberg applies here — Digital Envoy is not manipulating its claims to mask what is essentially a breach of contract case. As set forth above, Digital Envoy's tort claims exist even if there were no Agreement at all.  Digital Envoy does not assert a breach of contract because the contract establishes the rights and responsibilities as to the use of its technology in Google's search business (which is not at issue in this case) and does not cover Google's use of the technology for non-search, third party advertising.  Accordingly, as in Karlberg, the forum selection clause does not apply to justify rejection of Digital Envoy's choice of forum for this action.

Similarly, in General Environmental Science Corp. v. Horsfall, 753 F. Supp. 664 (N.D. Ohio 1990), aff'd 1994 U.S. App. LEXIS 13398 (6th Cir.

1994), the court refused to apply a contractual forum selection to claims which challenge the defendant's "entire courses of conduct" rather than just the actions covered by the contract. 753 F. Supp. at 668. The court held:

> No contractual claims are made and no contract remedies sought. Plaintiff is entitled to try this case under its chosen theory. Accordingly, this court will not treat the instant action as arising out of the [contract].

Id. at 667-668. The court so concluded even though it was contemplated that the contract would be evidence in establishing the predicate for some of plaintiffs claims. Id. at 668.

Here, by definition, Digital Envoy's claims challenge Google's conduct beyond what was covered by the Agreement, no contractual claims are made and no contract remedies are sought. Digital Envoy is entitled to try this case under its chosen theories which do not arise out of the contract. At most, the Agreement will be evidence that Google used Digital Envoy's technology beyond the scope of its license, but the claims exist independently of the Agreement. Just as in General Environmental Science, plaintiff's choice of this court as its forum should prevail. Accordingly, the forum selection clause does not apply to Digital Envoy's claims, Digital

Envoy's choice of forum for this action should be respected and Google's

motion should be DENIED.

### 3.    The cases cited by Google actually support denial of the motion

As set forth above in the legal standards section, whether the venue

selection clause applies to the case requires a different analysis than whether

the clause is valid or enforceable.  This difference is lost on Google in its

attempt to apply, without analysis, cases which do not support its motion.

Google relies on the Eleventh Circuit opinion in <u>Stewart Organization,</u>

<u>Inc. v. Ricoh Corp.</u>, 810 F.2d 1066 (1987)[1].  In <u>Stewart Organization</u>, the

Eleventh Circuit held the forum selection clause at issue was valid and

enforceable (which Digital Envoy does not dispute here), and broad enough

to include both the breach of contract claims and the tort claims that were

"intertwined" with the contract issues.  <u>Id.</u> at 1070.  The venue selection

_____

[1]    Google states that the <u>Stewart Organization</u> case was "remanded on other grounds" which is not exactly true.  Instead, the Supreme Court remanded the case because the Eleventh Circuit improperly concluded that application of the forum selection clause ended the inquiry on the § 1404(a) motion.  487 U.S. 22, 31, 108 S.Ct. 2239, 2245 (1988).  Instead, the forum-selection clause does not receive "dispositive consideration."  <u>Id.</u> Accordingly, the case was remanded for further proceedings.  Despite this clear holding, Google does nothing more than argue for the validity of the venue clause and ask this Court to follow the same path that was rejected by the Supreme Court.

provision at issue provided that courts located in Manhattan have "exclusive jurisdiction over any case or controversy arising under or in connection with this Agreement . . ." Id. at 1067. Thus, the only part of the holding that addresses the issue before this court is the decision that tort claims which were intertwined with the asserted contract claims were covered by an agreement referring to cases "arising under or in connection" with the contract. This language is broader than the clause at issue between Google and Digital Envoy, in which the only claims which must be brought in California were claims "regarding" the Agreement. Thus, Stewart Organization has no application to this case since: (1) Digital Envoy's claims are not "intertwined" with contract claims; (2) there are no contract claims at issue in this action at all; and (3) the claims in this action are not in regard to the Agreement but are regarding activities which are, in fact and in allegation, not covered by the Agreement.

Google's reliance on Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688 (8th Cir. 1997) further demonstrates how this action is different from the generic forum selection debate. The clause at issue in Terra Int'l selected venue for "[a]ny dispute or disputes arising between the parties hereunder . . ." Id. at 690. The court affirmed the district court's decision

that this clause applied to tort claims arising from the defendant's

obligations under the contract.  Id. at 696.  The court adopted the test from

the First Circuit that: "contract-related tort claims involving the same

operative facts as a parallel claim for breach of contract should be heard in

the forum selected by the contracting parties."  Id. at 694 (quoting Lambert

v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1993)).  In Terra Int'l, the court

held that plaintiff could have asserted a breach of contract on the "same

exact facts", such that its strategic pleadings could not avoid application of

the venue selection clause.  Id. at 695.  As set forth above, Digital Envoy did

not assert a breach of contract claim as an artful dodge of the venue clause,

such as simplistically suggested by Google, but rather because there was no

such claim where the contract did not define the rights or responsibilities of

the parties with regard to the actions of Google that give rise to Digital

Envoy's tort claims.  Accordingly, Terra Int'l supports Digital Envoy's

contention that the venue selection provision does not apply.

In Brinson v. Martin, 220 Ga. App. 638, 469 S.E.2d 537 (1996)[2], the

plaintiff filed suit against his employer for breach of a contract that selected

---

[2]    Of course, state law has no application to motions brought in federal
court based on forum selection clauses.  Stewart Organization, Inc. v. Ricoh
Corp., 487 U.S. 22, 32, 108 S.Ct. 2239, 2245 (1988).

Nebraska as the exclusive venue, and also against certain other employees. Id., 220 Ga. App. at 639, 469 S.E.2d at 538. The court first concluded that the venue selection clause was enforceable under Georgia law. Id. The court next held that the other defendants were "transaction participants" and entitled to rely on the forum selection clause. Id., 220 Ga. App. at 640-641, 469 S.E.2d at 539-540. The court held that the claims arose out of the contract with the employer defendant and if the clause was not applied to all of the parties, multiple cases would be brought and could result in inconsistent decisions. Id. This case has no application to the dispute between Digital Envoy and Google since there are only two parties in this action, no breach of contract action, no tort claims in parallel with breach of contract claims and because there is no danger of multiple claims between the parties except as improperly created by Google's filing of the additional California action.

Google next cites a series of district court cases which also do not support its motion. The Northern District of Georgia cases provide no justification for Google's motion. Google cites Peridyne Tech. Solutions, LLC v. Matheson Fast Freight, Inc., 117 F. Supp. 2d 1366 (N.D. Ga. 2000) (Pannell, J), claiming that the Court relied in part on a forum selection clause

in denying a "motion to dismiss tort claims". *See* Google Memorandum at 8. In fact the Court relied on the forum selection clause only in analyzing the personal jurisdiction issue by including the venue selection in a list of purposeful contacts with Georgia. Id. at 1371. When addressing the venue issue pertaining to the tort claims, the court does not refer to the apparently inapplicable contract provision at all. Id. at 1374 – 1375. If anything, this opinion supports Digital Envoy's position that the contract provision is not relevant to independent tort claims.

The Northern District of Georgia in Picken v. Minuteman Press Int'l, Inc., 854 F. Supp. 909 (1993) and in Stephens v. Entre Computer Centers, Inc., 696 F. Supp. 636 (1988) applied extremely broad choice of venue clauses to tort claims completely intertwined with the contract claims. In Picken, the venue selection clause applied to "any litigation commenced by either party hereunder" and was held to apply to claims for fraudulent inducement to enter into the contract. 854 F. Supp. at 910 and 911. Similarly, in Stephens, the court applied a venue selection clause which purported to apply to "any action brought by either party" to fraudulent inducement claims. Neither case is applicable here where a narrow venue selection clause should not be applied to independent torts which are not

intertwined with contract claims. Accordingly, Google's authority does not

support its motion.[3]

---

[3]      The district court cases from other jurisdictions are no better for
Google. In <u>Cusano v. Klein</u>, 196 F. Supp. 2d 1007 (C.D. Cal. 2002), the
reported decision has no holding pertaining to venue selection clauses but
instead Google refers to the FACTS section of the decision reciting the
decision of another district judge transferring the claims against one of the
parties to New York, where those claims were ultimately abandoned by
plaintiff. <u>Id.</u> at 1011. As such, this case has no precedental value
whatsoever. Moreover, the claims against the defendant appear to have
included claims for repudiation of the contract which are not present here.
<u>Id.</u>
      In <u>Banco Popular de Puerto Rico v. Airborne Group PLC</u>, 882 F.
Supp 1212 (D. P.R. 1995), the court applied the venue selection clause to
contract related tort claims such as fraudulent inducement and breach of
duties derived from contract performance, as well as asserted breach of
contract claims.
      In <u>Warnaco, Inc. v. VF Corp.</u>, 844 F. Supp. 940 (S.D. N.Y. 1994), the
broad venue selection clause applied to "any dispute or issue arising
hereunder, including any alleged breach by Vivessa" which necessarily
implies its application to non-contractual claims. 844 F. Supp. at 944.
Plaintiff sued for breach of contract and tort claims which "involved rights
and duties arising out of" the contract. 844 F. Supp at 949. The court's
application of this broad venue selection clause to the intertwined breach of
contract and tort claims is neither surprising nor instructive to the issue in
the present case.
      And finally in <u>Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.</u>,
825 F. Supp. 671 (D. N.J. 1993), the claims were for "breach of contract,
and accounting and similar claims". 825 F. Supp. at 672. The court applied
those claims to several venue selection clauses, one of them applying to "any
and all clauses of action whether or not arising under this Agreement" and
the others to "any and all causes of action hereunder by and between the
parties hereto . . ." 825 F. Supp. at 674. Again, this case does not advance
Google's position.

## IV.    Conclusion

For the foregoing reasons, Digital Envoy respectfully requests that

Google's motion be DENIED and that this case proceed in the District as

provided by law.

This 29th day of April, 2004.

Timothy H. Kratz
Georgia Bar No. 429297
Luke Anderson
Georgia Bar No. 018330
John A. Lockett, III
Georgia Bar No. 455549

**McGUIREWOODS LLP**
1170 Peachtree Street, NE
Suite 2100, The Proscenium
Atlanta, Georgia 30309-1234
Telephone:  (404) 443-5730            Attorneys for Plaintiff
Facsimile:  (404) 443-5784            Digital Envoy, Inc.

## CERTIFICATE OF SERVICE AND COMPLIANCE

This certifies that the foregoing **Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or Transfer** was served by U.S. mail, with first-class postage to counsel of record as follows:

Stephen M. Dorvee
Scott E. Taylor
Adam Gajadharsingh
ARNALL GOLDEN GREGORY LLP
2800 One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3450


David H. Kramer
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050


This further certifies, pursuant to LR 7.1(D), that the font and point size used in this brief was Times New Roman 14 and complies with LR 5.1(B).

This 29th day of April, 2004.

Timothy H. Kratz