IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | CIVIL ACTION NO. 1:04-CV-0864 (CAP) |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS OR TRANSFER**

### Introduction

It is ironic that Digital Envoy, a company specializing in geo-location technology, has improperly located this lawsuit. It is unfortunate that it spends its opposition brief endeavoring to justify its choice of an improper venue with word games and inapposite authorities. There is no dispute that the contract between the parties is at the core of this dispute, nor that the principal issue in the case is the interpretation of that contract. There should thus be no dispute that this case is one "regarding" the contract. The analysis need go no further. Pursuant to the parties' Agreement, this case can only proceed in California.

1768338v1

## Argument

### A. The Plain Language of the Forum Selection Clause, Which Digital Envoy Ignores, Mandates Dismissal or Transfer of this Action.

Throughout its opposition, Digital Envoy insinuates that the forum selection clause in the parties' agreement provides only that claims for "breach of the agreement" are to be venued in California or that the clause applies only to disputes "dependent upon the agreement." Had the parties intended the clause to have such a limited impact, it would have been a simple drafting exercise. Instead, the parties agreed that any dispute "regarding the contract" would be resolved in California.

The American Heritage Dictionary states that the term "regarding" means "to relate or refer to; [to] concern" The American Heritage Dictionary of the English Language, Houghton Mifflin Co. (4th Ed. 2000). The Merriam-Webster Dictionary offers the synonym "concerning", and in turn defines "concerning" as "relating to: regarding" Merriam-Webster Dictionary, p. 440, 109 (Home & Office Ed. 1995). Digital Envoy offers no contrary definitions. Indeed, its brief does not even examine the language of the clause in question.

Digital Envoy's failure to focus on the language of the forum selection clause is hardly surprising as the clause is not susceptible of the constructions

Digital Envoy has advanced. The clause certainly consigns claims for breach of the parties' agreement and claims dependent upon the agreement to Santa Clara County, California. But it cannot possibly be read to be so limited. The contract states that any dispute "regarding" the agreement -- meaning any dispute concerning the agreement or any dispute referring or relating to the agreement -- is to be venued in California.

Given the allegations of Digital Envoy's complaint, the plain language of the forum selection clause should be the beginning and the end of this motion. The complaint refers to the parties' agreement at length, repeatedly citing its terms and offering Digital Envoy's interpretations. The *sine qua non* of Digital Envoy's case is its allegation that Google's use of Digital Envoy's data went beyond that permitted by the Agreement. And Digital Envoy nowhere disputes that its entire case fails if Google's interpretation of the Agreement is deemed controlling.

The forum selection clause at issue here would require dismissal or transfer of a suit that merely related to the agreement.[1] Here, the agreement and the

---

[1] It is well-established in this Circuit that a Rule 12(b)(3) motion to dismiss is a proper vehicle for disposing of cases like this one, brought in an improper venue. See Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285 (11th Cir. 1998) ("We hold that motions to dismiss upon the basis of choice-of-forum . . . clauses are properly brought pursuant to Fed. R. Civ. Proc. R. 12(b)(3) as motions to dismiss for improper venue."). The alternative of a transfer for convenience under 28 U.S.C. § 1404(a) is not, as Digital Envoy claims, the exclusive means of

1768338v1

parties' dispute over its meaning are the seminal issues for a court to address. This is precisely the type of case that the parties agreed would be litigated in California. Digital Envoy should not have filed its suit here. The Court should either dismiss the suit or transfer it to the proper venue.[2]

### B. Case Law Mandates Dismissal or Transfer of this Action.

In its opening brief, Google cited cases demonstrating that forum selection

---

enforcing a forum selection clause. Digital Envoy offers no authority to support that claim, and the opposite is true in this Circuit. See XR Co. v. Block & Balestri, P.C., 44 F. Supp.2d 1296, 1298 (S.D. Fla. 1999) ("motions to dismiss upon the basis of forum selection clauses are cognizable as motions to dismiss for improper venue" under Rule 12(b)(3); citing Lipcon); Webster v. Royal Caribbean Cruises, Ltd., 124 F. Supp.2d 1317 (S.D. Fla. 2000) (same). Stewart Org., Inc. v. Ricoh Corp., cited by Plaintiff, does not alter the analysis. See 487 U.S. 22, 108 S.Ct. 2239 (1988). It simply holds that a federal court sitting in diversity jurisdiction should apply federal rather than state venue transfer provisions. It says nothing about the propriety of the use of a 12(b)(3) motion to enforce a forum selection clause.

[2] The applicability of the forum selection clause to the claims here is a question of law, as it is effectively one of contract interpretation. Lipcon, 148 F.3d at 1290-91 (application of a forum selection on a 12(b)(3) motion involves is a question of law reviewed de novo). Accordingly, Digital Envoy's discussion about which party "bears the burden" on the motion is misguided. Of note, however, beyond its arguments as to why it believes the clause is inapplicable, Digital Envoy has made no effort to justify its choice of forum, and claims no burden from litigating in California. Digital Envoy has thus failed, assuming the forum selection clause applies, to carry its burden under §1404 of justifying a forum other than the agreed-upon California venue. See McNair v. Monsanto Co., 279 F. Supp.2d 1290, 1309 (M.D. Ga. 2003) ("When a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.").

1768338v1

clauses are routinely held to encompass not only claims on the contract, but also tort claims bearing some relation to the contract. Principally, the Eleventh Circuit has held that a clause applicable to claims "arising under or in connection with" an agreement covers tort claims that relate directly or indirectly to the parties' contract. Stewart Org. Inc. v. Ricoh Corp., 810 F.2d 1066, 1067 (11th Cir. 1987);[3] See also McNair, 279 F. Supp.2d at 1307 (holding that clause covering "all disputes arising under this agreement" encompassed claims sounding in tort). The Stewart court explained that the language would include any cause of action arising out of the business relationship evidenced by the contract. That interpretation recognizes that parties to a forum selection clause expect it to govern their relationship, and that the venue for disputes should not be subject to creative

---

[3] Digital Envoy is wrong in suggesting in footnote no. 1 of its Opposition that Supreme Court's review somehow impacted the holding of Stewart. See Stewart, 48 7 U.S. 22, 31, 108 S. Ct. 2239 (1988). The Supreme Court's review was directed to the question of whether state or federal venue law governed the venue analysis. Id. The Supreme Court in no way offered its own views or overruled the Eleventh Circuit on the scope or meaning of the forum selection clause at issue. Id. Having concluded that the federal law should control, the Supreme Court remanded the case to the Eleventh Circuit for further consideration. Id. And while the Eleventh Circuit was to consider other factors in addition to the forum selection clause, Digital Envoy has offered no argument other than that the clause in question is inapplicable. See supra n. 2. Accordingly, the applicability of the clause is, at least in this case, dispositive.

- 5 -

1768338v1

pleading strategies.[4]

Digital Envoy responds to this authority by noting that the language in the parties' Agreement differs slightly, covering all disputes "regarding the Agreement" instead of those "arising out of" or "arising under" the agreement. Without citing any authority to support its position, Digital Envoy contends the clause at issue is somehow narrower than those in the cases Google cited. In fact, the forum selection clause in the Agreement is at least as broad, if not broader.

In Bullard v. Capital One, F.S.B., for example, the court was called upon to interpret a clause applicable to any claim "regarding" the plaintiff's account. It held:

---

[4] Digital Envoy relies on two out-of-circuit district court cases that, at best, espouse a distinctly minority view, and that are, in any event, distinguishable from the facts before the Court. In Karlberg European Tanspa, Inc. v. JK-Josef Kratz Vertriebsgelischaft MbH, 699 F. Supp. 669 (N.D. Ill. 1988), the court relied on the United States' strong interest in enforcing U.S. antitrust laws in declining to enforce a German forum selection clause. Id. at 671-72. The court further noted that conduct related to the contract was "only a part of the allegations making up the Sherman Act violation," and noted that (unlike Digital Envoy's claims) several instances of conduct wholly unrelated to the contract were also at issue. Id. at 671. In General Envtl. Science Corp. v. Horsfall, 753 F. Supp. 664 (N.D. Ohio 1990), the plaintiffs' claims related to an extensive course of dealings that predated the contract with the forum selection clause. Id. at 668. In the case at bar, all of the allegedly tortious activity occurred during and is related to the license agreement.

1768338v1

> Using ordinary English and contract interpretation principles, I read this clause as a very broad grant, encompassing all actions relating to, deriving from, and under the account or Agreement governing the account.

288 F. Supp. 1256, 1258 (N.D. Fla. 2003). Similarly, in <u>Bleumer v. Parkway Ins. Co.</u>, the New Jersey Court of Appeals concluded that a clause covering all disputes "regarding" an agreement was "very broadly worded". 649 A.2d 913, 926 (N.J. Ct. App. 1994). The dictionary definitions of "regarding" cited above are certainly in accord.

Any claim "regarding the parties' Agreement" is to be venued in California. Such language encompasses tort claims that relate to, derive from or concern the Agreement. Again, this "very broad" clause mandates dismissal or transfer of Digital Envoy's claims.

### C.  Digital Envoy's Suit Depends Upon the Agreement And Must Be Dismissed or Transferred Even Under Its Strained Reading of the Forum Selection Clause.

Though it finds no support in the contractual language or the relevant law, Digital Envoy contends that the clause should only be applicable to claims that depend upon or are intertwined with the Agreement. It then argues, that the forum selection clause is inapplicable because its "tort claims exist even if there were no Agreement at all." <u>Opp. Brf.</u> at 12. That is simply not so. In truth, Digital Envoy's claims are highly dependent upon and intertwined with the Agreement.

Digital Envoy's principal claim is one for trade secret misappropriation. To establish that claim, Digital Envoy must show that Google acquired Digital Envoy's trade secrets <u>under circumstances giving rise to a duty to maintain its secrecy or limit its use.</u> See, e.g., Ga. Code Ann., § 10-1-761(2)(b)(ii)(II); Cal. Civ. Code §3426.1(b)(2)(B). Digital Envoy has alleged exactly this. Complaint at ¶ 47. But the only way that Digital Envoy can support this allegation is by pointing to the confidentiality obligations and use restrictions Google undertook in the Agreement.

> Paragraph 7 of the Agreement provides:
>
> Except as set forth in this Agreement, in no event shall [Google] distribute, disclose or otherwise make available the Database Libraries, or any information contained therein to any other party whatsoever or at any other site other than the Site, without the express written consent of [Digital Envoy]. [Google] shall hold all of Licensor's product information . . . in strict confidence and shall in no event share such information with any third parties.

Given its theories of the case, Digital Envoy could have simply claimed Google breached Paragraph 7 of the Agreement by allegedly making improper use of Digital Envoy's information and/or by improperly disclosing it. See Terra Int'l Inc. v. Mississippi Chem. Corp. 119 F.3d 688 (8th Cir. 1997) (forum selection clause applied to tort claims where the plaintiff "plainly could have asserted a parallel claim for breach of contract . . . . The same exact facts surrounding Terra's

tort claims would also give rise to a breach of contract claim.")

Digital Envoy chose to avoid a direct contract claim in the hopes of maintaining its improper venue choice. But Digital Envoy is still, of necessity, relying on Paragraph 7 of the Agreement as the basis for its trade secret claim.[5] Without the confidentiality and use restrictions in the Agreement, Google would have no duty at all to maintain the secrecy of Digital Envoy's data or limit its use. And but for these provisions, Digital Envoy would have no trade secret claim.[6] Since Digital Envoy's claim is completely dependent upon the Agreement, even under its reading of the forum selection clause, its suit can only proceed in California.

---

[5] Paragraph 2 of the Agreement is similar. It states that: "The Database Libraries shall be treated as confidential and proprietary information of [Digital Envoy], and except as otherwise noted herein [Google] shall not disclose such information, directly or indirectly, to any third party without the consent of the disclosing party." The NDA agreement between the parties, which Digital Envoy claims is entirely inapplicable (Opp. Brf. at 5) also contains use and disclosure restrictions, and is likewise governed by a sweeping forum selection clause mandating venue in California.

[6] Digital Envoy's unjust enrichment claim is similar as it effectively restates the trade secret claim with the allegation that Google's is using Digital Envoy's data outside the scope of the parties' agreement. Again, but for the restrictions in the agreement, Google would be free to use Digital Envoy's data however it sees fit. Digital Envoy would have no basis to object.

## Conclusion

This dispute is based on the parties' license agreement. The plain and broad language of the forum selection clause in that agreement requires that this case be brought in the state or federal courts of Santa Clara County, California. Plaintiff's attempt to avoid the forum selection clause it agreed to by raising tort claims must fail because those claims are dependent upon and intertwined with the parties' agreement. Consistent with well-established precedent in this Circuit, Defendant has properly moved to dismiss this action for improper venue under Rule 12(b)(3) and for the foregoing reasons, Defendant's motion should be granted. In the alternative, this case should be transferred to the United States District Court for the Northern District of California.

Dated this 17th day of May, 2004.

OF COUNSEL:

David H. Kramer
WILSON SONSINI GOODRICH &
ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650.493.9300
Facsimile: 650.493.6811

By: _____
Stephen M. Dorvee, Bar No. 226989
Scott E. Taylor, Bar No. 785596
Adam Gajadharsingh, Bar No. 266978
ARNALL GOLDEN GREGORY LLP
2800 One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3450
Telephone: 404.873.8500
Facsimile: 404.873.8501

Attorneys for Defendant
Google Inc.

1768338v1

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing *Defendant's Reply in Support of Its Motion to Dismiss or Transfer* was served by United States mail, first-class, with postage attached to:

>McGuire Woods LLP
>Timothy H. Kratz, Esq.
>Luke Anderson, Esq.
>John A. Lockett, III, Esq.
>1170 Peachtree Street, NE
>Atlanta, Georgia 30309-1234

This is to certify, pursuant to Local Rule 7.1(D), that the font and point size, Times New Roman 14, used in this brief comply with Local Rule 5.1(D).

This 17th day of May, 2004.

_____
Adam Gajadharsingh