ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 19 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIGITAL ENVOY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 1:04-CV-0864 (CAP) |
| | ) | |
| GOOGLE, INC. | ) | **CONFERENCE IS** |
| | ) | **REQUESTED BY PLAINTIFF** |
| | ) | **ONLY** |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Digital Envoy, Inc. ("Digital Envoy") and Defendant Google, Inc. ("Google") (collectively, "the parties") jointly report the following. To the extent the parties have not been able to reach agreement on a joint response, the parties have provided their own positions on the respective issue.

**1.    Description of Case:**

**A.    Describe briefly the nature of this action.**

Digital Envoy asserts claims for misappropriation of trade secrets, unfair business practices under federal, state and common law and unjust enrichment.

Google denies Plaintiff's claims and contends its conduct was licensed under the license agreement in effect between the parties. Google further contends that

the forum selection clause contained therein requires dismissal or transfer of this case.

**B.     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Digital Envoy developed proprietary technology enabling the determination of the approximate geographic location of a visitor to a website. Google licensed this technology for certain uses in November 2000. Google properly used this technology to, in certain circumstances, target advertisements on its search site based on the presumed geographic location of web users.

In early 2003, Google launched a service whereby Google places advertisements on third party websites based on an analysis of the content of those websites. In certain circumstances, Google uses Digital Envoy technology to target these "contextual" advertisements based on the presumed geographic location of web users. The dispute arises because Digital Envoy contends that Google's use of Digital Envoy technology is not authorized by the license whereas Google contends its uses are authorized.

**C.     The legal issues to be tried are as follows:**

**Digital Envoy's Position:**

Digital Envoy contends that venue properly lays in this district and division for the reasons set forth in its briefing on that subject. Digital Envoy contends that the following legal issues are properly before the Court for trial:

1.    Does Google's conduct constitute a misappropriation of trade secrets?

2.    Does Google's conduct constitute a violation of federal unfair business practices law?

3.    Does Google's conduct constitute a violation of state unfair business practices law?

4.    Does Google's conduct constitute a violation of common law unfair business practices law?

5.    Does Google's conduct constitute unjust enrichment under common law?

6.    If any of the above is answered in the affirmative, what is the proper measures and amounts of damages recoverable by Digital Envoy?

7.    Is Digital Envoy entitled to recover treble damages?

8.    Is Digital Envoy entitled to recover punitive damages?

9.    Is Digital Envoy entitled to recover its attorneys' fees?

10.   Is Digital Envoy entitled to an injunction against Google?

**Google's Position:**

1767832v3

Google contends that venue does not properly lie in this jurisdiction but rather, per the forum selection clause in the parties' agreement, in the state or federal courts of Santa Clara County, California. As such, Google has filed suit in the Northern District of California to resolve this dispute. It is Google's position, therefore, that the proper legal issues to be adjudicated, in the Northern District of California, beyond whatever issues are raised by Digital Envoy, are as follows:

1.    Whether Digital Envoy has breached the forum selection clause of its contract with Google, by filing a lawsuit in Georgia?

2.    Whether Google is entitled to recover damages as a result of the alleged breach of contract?

3.    Whether Google is entitled to a declaratory judgment that it has not exceeded the scope of its license agreement with Digital Envoy?

4.    Whether Google is entitled to a declaratory judgment that it has not otherwise breached the contract with Digital Envoy?

5.    Whether Google is entitled to a declaratory judgment that it has not misused any supposed intellectual property licensed to Google by Digital Envoy under the parties' contract?

6.    Whether the doctrine of laches precludes any recovery by Plaintiff?

7.    Whether a statute of limitations precludes any recovery by Plaintiff?

8.    Whether Plaintiff has waived any claim against Plaintiff?

9.    Whether the doctrine of accord and satisfaction precludes any

recovery by Plaintiff?

10.    Whether Plaintiff has impliedly licensed Google's conduct through a

course of dealing.

11.    Whether Plaintiff's claims are preempted in whole or in part.

12.    The impact of the limitation of liability clause in the parties'

agreement.

**D.    The cases listed below (include both style and action number) are:**

**(1)  Pending Related Cases:**

Google Inc. v. Digital Envoy, Inc., United States District Court, Northern

District of California, San Jose Division, Case No. C04-01497, filed April 16,

2004.

**(2)  Previously Adjudicated Related Cases:**

None.

**2.    This case is complex because it possesses one (1) or more of the features**

**listed below (please check):**

| | | |
|---|---|---|
| (1) | Unusually large number of parties | |
| (2) | Unusually large number of claims or defenses | |
| (3) | Factual issues are exceptionally complex | |

| | (4) | Greater than normal volume of evidence |
|---|---|---|
| | (5) | Extended discovery period is needed |
| | (6) | Problems locating or preserving evidence |
| | (7) | Pending parallel investigations or action by government |
| | (8) | Multiple use of experts |
| | (9) | Need for discovery outside United States boundaries |
| | (10) | Existence of highly technical issues and proof |

This case is not complex.

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**        Timothy H. Kratz

**Defendant:**      Stephen M. Dorvee

                    Scott E. Taylor

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

| | Yes | X | No |
|---|---|---|---|

**If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

- 6 -

Google does not contest the jurisdiction of this Court but has filed a Motion to Dismiss or Transfer this action based on improper venue.

**5.    Parties to This Action:**

**A.    The following persons are necessary parties who have not been joined:**

None.

**B.    The following persons are improperly joined as parties:**

None.

**C.    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Plaintiff's Complaint names "Google, Inc." as Defendant and asserts that it is a California corporation. The correct name of Defendant is "Google Inc." In addition, Google Inc. is a Delaware Corporation.

**D.    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

1767832v3

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

**A.      List separately any amendments to the pleadings which the parties anticipate will be necessary:**

**Digital Envoy's Position:**

Digital Envoy anticipates amending the Complaint.  The information which would form the basis for any such amendment is in the possession of Google so Digital Envoy anticipates amending the Complaint, if at all, no later than 30 days from the completion of discovery.

**Google's Position:**

Google does not anticipate any amendments at this time.  Moreover, Google does not agree that Digital Envoy should have until 30 days after completing discovery within which to amend its Complaint.

**B.** **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS** after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.** **Filing times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed **WITHIN THIRTY (30) DAYS** after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**A.** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**B.**    *Summary Judgment Motions*:  within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

**C.**    *Other Limited Motions*:  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**D.**    *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.**    **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

<u>Google's Position:</u>

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, which

- 10 -

states that initial disclosures must be made "unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan," Google hereby restates the objection it made during the parties' conference to serving its initial disclosures at this time. Initial disclosures are not appropriate in the circumstances of this action because the underlying issue of venue should be resolved, through adjudication of Google's Motion to Dismiss or Transfer, before Google is required to make its initial disclosures. Google would not be required to make initial disclosures at this stage in the Northern District of California, where it contends this action should have been brought. In addition, Google does not believe there is any compelling need to begin discovery before the issue of proper venue is decided.

### Digital Envoy's Position:

Digital Envoy contends the federal rule specifically does not relieve the obligation to provide initial disclosures upon the filing of a Rule 12 motion. Digital Envoy further contends that Google's Motion was improperly filed as a Rule 12 motion. Accordingly, Digital Envoy contends that Google's objection set forth in this section is improper and should be stricken.

1767832v3

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

Digital Envoy requests a scheduling conference with the Court.  Google believes that a scheduling conference with the Court would be premature at this point because its Motion to Dismiss or Transfer is pending.

If a scheduling conference takes place, the following are issues Digital Envoy wishes to have addressed by the Court and Google's position regarding each one:

1.    Deadline for Answer.  Digital Envoy requests the Court require Google to file an Answer within 10 days of the scheduling conference, or ruling on Google's Motion to Dismiss, whichever is earlier.   Google sees no reason to depart from the dictates of the Federal Rules with respect filing an answer in this case, if one is ultimately required.

2.    Deadline for Initial Disclosures.  Digital Envoy contends FRCP 26(a)(1) disclosures should have been made as proscribed by the Rule and protests Google's objection as set forth above.  Since Google is able to delay the deadline for disclosures merely by making the objection, Digital Envoy requests the Court

1767832v3

require the parties to make their initial disclosures within 14 days from the date of

the Scheduling Conference. Google believes that its pending motion to dismiss or

transfer should stay the initial disclosure process . If, for some reason, Google's

motion is denied, it will, of course, agree to a timely exchange of initial

disclosures.

3. Commencement of Discovery. Digital Envoy contends the discovery

period should begin immediately due to the improper filing of Google for the

purpose of vexation and delay. Google sees no basis for premature

commencement of discovery and believes that Digital Envoy seeks to commence

discovery for purposes of increasing Google's litigation burden. Google asserts

that there is no basis or validity to Digital Envoy's suggestion of an improper filing

or a desire for delay.

4. Entry of a Limited Protective Order. Digital Envoy anticipates the

negotiation and presentation of a protective order will result in a delay by Google

in complying with discovery requests. Digital Envoy maintains that the Court need

only enter a very limited protective order protecting the parties' trade secrets.

Google notes that this case involves sensitive trade secrets, both of a technical and

financial nature. Therefore, Google asserts that a comprehensive protective order

is essential. Google does not believe that the negotiation and presentation of such an order will result in a delay of discovery if and when discovery is appropriate.

5.    Argument on Pending Motions. By the time the Court considers the information submitted in this Joint Report, several motions will be pending. Digital Envoy requests argument or ruling on these motions at the time of a scheduling conference so that the case can progress with the guidance of the Court's rulings. Google believes that its Motion to Dismiss or Transfer should be resolved before the Court undertakes further proceedings.

6.    Resolution of the Open Items from this Report. There are a number of items set forth herein that require the Court's attention. Digital Envoy requests consideration of those items at the scheduling conference, including but not limited to Digital Envoy's requests set forth below to take additional depositions and to expand the time for the 30(b)(6) deposition of Google. Google would be happy to participate in a conference if the Court deems it necessary, but again submits that any further proceedings in this Court should await resolution of Google's pending motion to transfer.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A,**

- 14 -

1767832v3

responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed.

**Digital Envoy's Position:**

At this time, Digital Envoy anticipates that it may pursue the following subjects of discovery:

1.      Negotiation of the November 2000 License Agreement, including discussions between the parties, internal Google communication and analysis of the potential agreement, drafting and execution of the agreement.

2.      Negotiations, internal and external communications, analysis, drafting and execution of the amendments to the Agreement.

3.      Google's use of Digital Envoy's technology in its information search technology business, including details regarding the manner of use, the scope of

the use, financial information pertaining to paid search revenue, accounting methods or other analytic data to consider revenue, expenses, allocated overhead, profits, click-through rates comparison for geotargeted vs. non-geotargeted advertising.

4.    The AdWords program, including promotional material, communication with prospective customers, the interface for registration, changes to any of the above-detail, financial and statistical information differentiating results for geotargeted vs. non-geotargeted advertisements.

5.    Detail regarding other paid link or advertising customers, programs in addition to or preceding the AdWords program, including the specifics set forth above.

6.    Nature and scope, statistical and financial information pertaining to uses of Digital Envoy technology by Google other than geotargeting paid links or advertisements.

7.    Details regarding Google's involvement with third-party websites, including the AdSense program, as well as any other involvement with any other third-party website in addition to or preceding the AdSense program and including all of the specific information set forth above.

1767832v3

8.     Google's use of Digital Envoy's technology for purposes beyond its information search technology business, or beyond its own search website, including details regarding the manner of use, the scope of the use, financial information pertaining to paid search revenue, accounting methods or other analytic data to consider revenue, expenses, allocated overhead, profits, click-through rates comparison for geotargeted vs. non-geotargeted advertising.

9.     Public statements and other communication by Google pertaining to the AdSense program and its predecessors or programs in addition to AdSense, including the technology used by Google.

10.    Corporate communication (including press releases and other standard corporate information), and changes made thereto, regarding Google, AdWords, AdSense and other relevant topics.

11.    The information sought by Digital Envoy about Google's Gmail service set forth in its Motion for Expedited Discovery.

12.    Marketplace data and third party discovery pertaining to interaction between Google and its advertisers and Google and its website owner customers, including all of the specifics set forth above.

13.    Google's evaluation of its agreement with Digital Envoy in commencing additional use of Digital Envoy's technology and continuing such use

1767832v3

after communication with Digital Envoy in early 2004 and after commencement of lawsuit.

14. Financial results and projections regarding any of Google's paid link or advertisement programs, or any other program in which Digital Envoy's technology is used, in significant detail as set forth above.

15. Google policies and procedures in negotiating, drafting, monitoring, and complying with licensed technology and agreements.

16. Google's use of significant terms set forth in the agreement with Digital Envoy in any context.

17. Detailed information pertaining to any denials, affirmative defenses or counterclaims contained in Google's yet-to-be-filed Answer.

18. Discovery from any experts, or other witnesses who may offer opinion testimony.

19. Google internal and external communication pertaining to any of the above-subjects.

20. Documents and witnesses with information pertaining to any of the above-subjects.

**Google's Position:**

Google believes this is principally a dispute over the meaning of the parties' contract and believes that the matter can be resolved with limited discovery and motion practice concerning the meaning and scope of Digital Envoy's license to Google. With respect to the license agreement, Google would seek discovery regarding only:

1.     Negotiation of the November 2000 License Agreement, including discussions between the parties, internal Digital Envoy communications and analysis of the potential agreement, and drafting and execution of the agreement.

2.     Negotiations, internal and external communications, analysis, drafting and execution of the amendments to the Agreement.

3.     Correspondence and communications between Digital Envoy and any third parties relating to the scope of Google's license.

4.     Correspondence and communications between Digital Envoy and any third parties regarding the fees Google was paying Digital Envoy under the License Agreement.

5.     Investigation undertaken by Digital Envoy before filing suit against Google.

6.     Discovery from any experts, or other witnesses who may offer opinion testimony.

7.     Digital Envoy internal and external communications pertaining to any of the above-subjects or issues in this case.

8.     Documents and witnesses with information pertaining to any of the above-subjects or issues in this case.

9.     Negotiations, internal and external communications, analysis, drafting and execution by Digital Envoy of agreements similar to the Agreement.

In the event the license agreement between the parties is not found to control this dispute, Google will require discovery concerning Digital Envoy's alternative legal theories and damages claims.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

**<u>Digital Envoy's Position:</u>**

Digital Envoy contends that additional time beyond the 4-month track for discovery should not be needed, provided complete responses to discovery requests are timely made, and depositions can be scheduled at convenient times within this time frame.  However, one or more of Digital Envoy's experts will be dependent in significant part on information to be obtained from Google and additional

depositions will be dependent on Google's cooperation in providing this information.

Digital Envoy does not request (and would oppose any request) that discovery be conducted in phases or focused upon particular issues.

**Google's Position:**

At least with respect to issues surrounding the parties' license agreement, Google submits that additional time beyond the 4-month track for discovery should not be needed, provided Digital Envoy abides by its obligations under the Federal Rules of Civil Procedure, the Local Rules, and any orders issued by this Court.

To avoid intrusive, burdensome and potentially unnecessary discovery, once the issue of venue is resolved, Google believes that the Court that ultimately hears this matter should bifurcate the action, allowing for discovery on the contract issue, and permitting discovery on Digital Envoy's tort claims only if and after Digital Envoy overcomes Google's defense based upon the agreement of the parties.

**11.    Discovery Limitations:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of the Court, and what other limitations should be imposed.**

**Digital Envoy's Position:**

Digital Envoy anticipates that additional depositions and additional time for depositions will be needed beyond the limits set forth in FRCP 30 due to the extensive subjects of discovery set forth above and because Digital Envoy's case is dependent upon obtaining information and testimony within the control of Google. Based on publicly available information, and therefore subject to expansion as discovery progresses, Digital Envoy has identified 16 potential deponents within the Google organization with directly relevant information pertaining to issues in this case. Accordingly, Digital Envoy requests that it be permitted to take 25 depositions to accommodate additional witnesses identified by Google, third party witnesses and experts. Further, Digital Envoy specifically requests open-ended time for the anticipated deposition of Google under FRCP 30(b)(6), so that all of the topics can be fully explored and Google may fully discharge its obligation under that rule.

**Google's Position:**

As noted, Google submits that it would be appropriate to bifurcate discovery in this matter, allowing only for discovery concerning the parties' agreement and Google's license defense in the initial stage. If the license is deemed inapplicable, the parties could then take up the question of Digital Envoy's alternative theories.

1767832v3

In any event, Google sees no reason to depart from the limitations set forth

in the federal rules which provide for ample discovery. There is no justification for

expanding either the number or the time limits for depositions based on Digital

Envoy's suppositions. If Digital Envoy somehow exhausts its allotted number of

depositions, it may, consistent with the rules, seek leave then for more. Similarly,

if Digital Envoy exhausts its allotted time for deposing Google under Rule

30(b)(6), it may show cause under the rules as to why it should be permitted

additional time.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter**

**under Rule 26(c) or under Rule 16(b) and (c)?**

The parties agree that a protective order should be entered by the Court to

protect the parties' proprietary and confidential documents. Google contends that

the parties should negotiate this order and then present it to the Court. Digital

Envoy contends that the Court should be involved in the negotiation of the

protective order.

Google also urges this Court to enter an order establishing a discovery

protocol for electronic discovery to address special burdens associated with such

discovery. Google has found in prior cases that establishing a protocol "up-front"

- 23 -

eliminates numerous problems with discovery of electronic documents, including unduly burdensome and overly broad requests.  Digital Envoy does not believe such a protocol is appropriate.

**13.    Settlement Potential:**

**A.    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on  April 26, 2004 , and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff:**

      **Lead counsel (signature):** _____

                                   Timothy H. Kratz

      **Other participants:**      None

**For defendant:**

      **Lead counsel (signature):**

                                     Scott E. Taylor

      **Other participants:**      David Kramer (by telephone)

                                     Adam Gajadharsingh

**B.     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

| ( ) | A possibility of settlement before discovery. |
|---|---|
| ( ) | A possibility of settlement after discovery. |
| ( ) | A possibility of settlement, but a conference with the judge is needed. |
| ( X ) | No possibility of settlement. |

**C.     Counsel (____) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____N/A_____, 20__ .**

**D.     The following specific problems have created a hindrance to settlement of this case.**

The parties report no specific problems.

**14.   Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

1767832v3

A.    The parties (__) do consent to having this case tried before a

Magistrate Judge of this Court.  A completed Consent to Jurisdiction by a

United States Magistrate Judge form has been submitted to the Clerk of

Court this ____ day of _____, 20__.

B.    The parties ( X ) do not consent to having this case tried before a

Magistrate Judge of this Court.


_____          _____
Timothy H. Kratz                     Stephen M. Dorvee
Bar No. 429297                       Bar No. 226989
Luke Anderson                        Scott E. Taylor
Bar No. 018330                       Bar No. 785596
John A. Lockett III                  Adam Gajadharsingh
Bar No. 455549                       Bar No. 266978

McGuireWoods LLP                     Arnall Golden Gregory LLP
Suite 2100, The Proscenium           2800 One Atlantic Center
1170 Peachtree St., NE               1201 W. Peachtree St.
Atlanta, GA 30309-1234               Atlanta, GA 30309-3450
Telephone: 404.443.5730              Telephone: 404.873.8500
Facsimile: 404.443.5784              Facsimile: 404.873.8501

Counsel for Plaintiff                Counsel for Defendant

1767832v1

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Plan form completed and filed by Defendant, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

1767832v4