ORIGINAL

FILED IN CLERK'S OFFICE
MAY 20 2004
LUTHER D. THOMAS, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC. ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION FILE NO: |
| ) | |
| vs. ) | 1:04-CV-0864-RWS CAP |
| ) | |
| GOOGLE INC. ) | JURY TRIAL REQUESTED |
| ) | |
| Defendant ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
PRELIMINARY REPORT AND DISCOVERY PLAN AND
FOR ENFORCEMENT OF LOCAL RULE 16.2**

Plaintiff Digital Envoy, Inc. respectfully moves this Court to strike Defendant's Preliminary Report and Discovery Plan and to enforce Local Rule 16.2 which requires the parties to submit a joint report signed by both parties and provides a method for resolving disputes concerning the contents of the report.

Instead of following LR 16.2 Defendant Google Inc. terminated its participation in the effort by the parties to agree to as much of the content as possible, and without prior notice to Digital Envoy submitted a separate preliminary report which it knew was submitted in violation of the rule.

Further, Google represented to the Court in the cover letter enclosing its report that it believes its report "is a fair representation of each party's position" and that it "endeavored to present Digital Envoy's positions accurately and completely" both of which are knowingly false. Google unilaterally removed portions of Digital Envoy's position which were included in the immediate previous version of the document and did not include modifications to Digital Envoy's position which were communicated to Google less than 1 ½ hours after Google transmitted to Digital Envoy the draft ultimately presented to the Court as fair, accurate and complete.

Google admits in its cover letter that it "is not able" to comply with Local Rule 16.2 and predicts in the letter that Digital Envoy "will likely be submitting its own report for the Court's consideration." In fact, Digital Envoy will not knowingly violate the local rule and will not, of its own initiative, submit a separate report unless the Court would prefer it to do so. Digital Envoy has assembled a report that contains both parties' statements as last communicated without edit of Google's position. Instead of submitting it to the Court unilaterally and in violation of the rule, concurrently with this motion Digital Envoy has transmitted that document to Google's counsel for further revision of its portion without edit of Digital Envoy's position, or final signature.

By this motion, Digital Envoy requests the Court strike Defendant's unauthorized and non-compliant submission and order Google to participate in the finalization of the joint report as required by rule.

Respectfully submitted this 20th day of May, 2004.

/s/ Timothy H. Kratz

Timothy H. Kratz
Georgia Bar No. 429297
Luke Anderson
Georgia Bar No. 018330
John A. Lockett III
Georgia Bar No. 455549

McGuireWoods LLP
1170 Peachtree Street
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 443-5730
Facsimile: (404) 443-5784

Attorneys for Plaintiff
Digital Envoy, Inc.

## CERTIFICATE OF SERVICE AND COMPLIANCE

This certifies that the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY PLAN AND FOR ENFORCEMENT OF LOCAL RULE 16.2** was served as follows:

By hand:

> Stephen M. Dorvee
> Scott E. Taylor
> Adam Gajardharsingh
> ARNALL GOLDEN GREGORY LLP
> 2800 One Atlantic Center
> 1201 W. Peachtree St.
> Atlanta, GA 30309-3450

By mail:

> David H. Kramer
> WILSON, SONSINI, GOODRICH & ROSATI, P.C.
> 650 Page Mill Road
> Palo Alto, CA 94304-1050

This further certifies, pursuant to LR 7.1(D), that the font and point size used in this brief was Times New Roman 14 and complies with LR 5.1(B).

This 20th day of May, 2004.

_Timothy Kratz / JAL with express permission_
Timothy H. Kratz

\\COM\415686.1

**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC. ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION FILE NO: |
| ) | |
| vs. ) | 1:04-CV-0864-RWS |
| ) | |
| GOOGLE INC. ) | JURY TRIAL REQUESTED |
| ) | |
| Defendant ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY PLAN
AND FOR ENFORCEMENT OF LOCAL RULE 16.2
AND DECLARATION VERIFYING FACTS SET FORTH HEREIN**

Plaintiff Digital Envoy, Inc. reluctantly seeks the Court's intervention in requiring the parties to abide by the Local Rule 16.2 but can think of no alternative that does not violate those same rules. Accordingly, Digital Envoy asks the Court to strike the improper submission by Defendant Google Inc. and order compliance with the rule.

Defendant Google Inc. knowingly abandoned LR 16.2. This act was committed without discussion between counsel for Google and Digital Envoy, and with no effort to resolve the last items of difference between the parties.

Local Rule 16.2 is explicit: "If counsel cannot agree on the answers to specific items, the contentions of each party must be shown on the form." The fact that Google abruptly and unilaterally abandoned the efforts to negotiate agreed-upon answers is not a violation of the rule since it contemplates that there will be disagreements and accounts for that predictable event. The fact that Google unilaterally submitted its own version of the joint report is a flagrant violation of the rule.

Digital Envoy stands ready to resume compliance with the rule and asks the Court to order Google to do the same.

***Statement of Facts Leading to this Controversy***

In accordance with FRCP 26(f), counsel for the parties met to confer regarding the items required therein on April 26, 2004. Three days later, counsel for Digital Envoy transmitted its draft of the Joint Preliminary Report and Discovery Plan to Google's counsel. Fifteen days after that, on the Friday before the Monday deadline, Google's counsel transmitted a revised version of the Joint Report.

Digital Envoy revised the second version and transmitted to Google the third draft on Saturday, May 15, 2004. On Monday, May 17, 2004, the attorneys for both parties conferred and agreed that it would be preferable to cut down on as

much disagreement between the parties as possible and submit a simpler version of the Report. Together, counsel for the parties called the Court's courtroom deputy and left a message requesting until Wednesday, May 19, 2004, to submit the Joint Report. Google's counsel volunteered to transmit the next draft.

That fourth draft was transmitted by counsel for Google to Digital Envoy's counsel on Wednesday, May 19, 2004 at 10:23 a.m. At 11:47 a.m., counsel for Digital Envoy responded to the draft with a list of ten open items for discussion and included its position on those ten items and in some cases presented Google with an option as to the language indicating that either option was acceptable to Digital Envoy. Digital Envoy indicated its willingness to approve the fourth draft subject to agreement as to the ten open items and contemplated further discussion where there was still disagreement.

In accordance with LR 16.2, Digital Envoy further contemplated that the parties would simply include both parties' positions on those items left open at the end of the day, and would submit a joint report as required.

No other communication came from Google until 4:02 p.m. at which time Google's counsel left a voice mail message with Digital Envoy's counsel that it was submitting its own Report because it was not fruitful to continue discussing the disagreements between the parties. Counsel for Digital Envoy left a message

protesting this act immediately thereafter. Digital Envoy's attorneys received a fax transmission of the Report at 4:36 p.m. and discussed the matter with counsel for Google at 4:38 p.m. but were told the Report had already been filed.

In transmittal to the Court, Google admitted its submission was not made pursuant to Local Rule 16.2, indicating that its actions were made knowingly in violation of that rule. Also in that transmittal letter, Google's counsel represented to the Court that it believed "that the enclosed Report is a fair representation of each party's position" and that it "has endeavored to present Digital Envoy's positions accurately and completely." These representations are knowingly false in the following ways:

- ➤ Google was told repeatedly that its draft of Section 1.B. contained word choices that were unacceptable to Digital Envoy. In response to the fourth draft, Digital Envoy suggested, in accordance with LR 16.2, that each party submit their versions of Section 1.B. as previous drafts had done. Instead, in the submission represented to be a fair, accurate and complete, Google submitted its version of 1.B. with no mention of Digital Envoy's position that the contents of the statement were unacceptable. Digital Envoy was not simply nit-picking the language, but objected to Google's recitation of facts which omits mention of the facts leading to as much as one half of Digital Envoy's damage claim.

- ➤ Google omitted from the draft that it represented to be complete Digital Envoy's position on Section 4. Digital Envoy responded to Google's fourth draft that it can either omit entirely the textual commentary by both parties or include Digital Envoy's position. Instead, Google submitted its position without including Digital

- 4 -

> Envoy's position, leaving bare Google's repeated reference to its motion to transfer.

➢ Google edited the draft of the joint statement in Section 5.C. In response to Google's fourth draft, Digital Envoy requested language from its third draft to be included in the final version. Instead, in the document represented to be fair, accurate and complete, Google omits the language. This is a material change because the omitted language included Digital Envoy's proposed solution to an inaccuracy with Google's name stated in the style of the Complaint.

➢ Google edited Digital Envoy's Position regarding Section 6.A. In response, Digital Envoy objected to the changes to its position, requested restoration of its language and further requested a substantive edit in the final report to the Court. Instead, Google submitted *its version* of Digital Envoy's position and represented that it was fair to Digital Envoy, accurate and complete. This is a material change because it omits significant aspects of Digital Envoy's expectation regarding amendments, and left in tact a request for specific time to amend the complaint instead of the more reasonable and less objectionable revised request for time.

➢ Google edited Digital Envoy's Position regarding Section 8. In response, Digital Envoy requested restoration of the sentence merely notifying the Court that it had submitted its Initial Disclosures. In the draft that it represented to the Court was complete, Google continued to omit that report.

➢ Google edited Digital Envoy's short and simple justification for its request for a scheduling conference in Section 9. Digital Envoy requested that the clause: "In light of the consistent disagreement by the parties in the approach to discovery in this matter," be left in the Report. Instead, Google removed it yet kept their explanation for opposing a conference with the Court and submits it unilaterally in violation of the rules of the Court.

➢ Google edited Digital Envoy's list of suggested topics for the conference, in response to the specific requirement in Section 9, by omitting one of the topics. Digital Envoy requested that its full list be included, yet Google submitted its version of the report without the full list.

➢ In Section 10 of the fourth draft by Google, it omitted Digital Envoy's full position regarding Google's position that discovery should be bifurcated and it omitted the notice required by LR 26.2(B) pertaining to anticipated need for additional time for discovery. The second of the omitted material could bar Digital Envoy's ability to conduct discovery in this case. Digital Envoy requested that its words be restored, yet in the Report represented to be fair, complete and accurate, Google submitted the version with these material omissions.

➢ In response to the fourth draft by Google, Digital Envoy notified Google that its revision of Section 12 mischaracterized Digital Envoy's position regarding the protective order issue and omitted Digital Envoy's position regarding electronic discovery entirely. At 11:47 a.m., Digital Envoy indicated that it was redrafting this section and would forward the redraft shortly. At 12:22 p.m., it did so. After 4 p.m. Google submitted its "fair, complete and accurate" version without changing anything from its unfair, incomplete and inaccurate fourth draft.

***Argument and Citation of Authorities***

Local Rule 16.2 is explicit: "If counsel cannot agree on the answers to specific items, the contentions of each party must be shown on the form." The rule further permits separate reports only if one of the parties appears pro se. There is no dispute that Google knowingly violated this rule.

And the provisions in Local Rule 16, of which 16.2 is a part, is not taken lightly in the Local Rules as LR 16.5 states that: "Failure to comply with the

- 6 -

court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case or entry of default judgment." Such enforcement of the rule is in accord with FRCP 16(f) and 37(b). Digital Envoy will leave it to the Court to determine, as it is authorized to do, what if any sanctions are appropriate. But Digital Envoy has spent the time between the approximately 4:30 p.m. May 19, 2004, filing of Google's non-compliant document and the expected early morning May 20, 2004 filing of this motion and memorandum, working on this response.

Google predicted in its transmittal letter that Digital Envoy "will likely be submitting its own report for the Court's consideration." In fact, Digital Envoy is not responding in equal violation of the rules of this Court. After consideration of alternatives, Digital Envoy has determined that it will stand ready to prepare and submit the final joint report or comply with anything the Court requires of the parties in response to this dispute. In connection therewith, Digital Envoy requests that Google's submission be stricken and that it be ordered to participate in the process required by LR 16.2.

***Conclusion***

For the foregoing, Digital Envoy respectfully requests that its motion be GRANTED and the Court order the requested relief and such other relief as deemed just and proper.

Respectfully submitted this 20th day of May, 2004.

_____
Timothy H. Kratz
Georgia Bar No. 429297
Luke Anderson
Georgia Bar No. 018330
John A. Lockett III
Georgia Bar No. 455549

McGUIREWOODS LLP
1170 Peachtree Street
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 443-5730        Attorneys for Plaintiff
Facsimile: (404) 443-5784        Digital Envoy, Inc.

- 8 -

- 9 -

## DECLARATION OF TIMOTHY H. KRATZ

I declare under penalty of perjury that I am the counsel for Digital Envoy who was personally involved in the facts set forth in the foregoing Memorandum in Support of Plaintiff's Motion to Strike Defendant's Preliminary Report and Discovery Plan and for Enforcement of Local Rule 16.2 and Declaration Verifying Facts Set Forth Herein, and that those facts are true.

This 20th day of May, 2004.

_____ /JAL with express permission
Timothy H. Kratz

CERTIFICATE OF SERVICE AND COMPLIANCE

This certifies that the foregoing **Memorandum in Support of Plaintiff's Motion to Strike Defendant's Preliminary Report and Discovery Plan and for Enforcement of Local Rule 16.2 and Declaration Verifying Facts Set Forth Herein** was served as follows:

By hand:

> Stephen M. Dorvee
> Scott E. Taylor
> Adam Gajardharsingh
> ARNALL GOLDEN GREGORY LLP
> 2800 One Atlantic Center
> 1201 W. Peachtree St.
> Atlanta, GA 30309-3450

By U.S. mail:

> David H. Kramer
> WILSON, SONSINI, GOODRICH & ROSATI, P.C.
> 650 Page Mill Road
> Palo Alto, CA 94304-1050

This further certifies, pursuant to LR 7.1(D), that the font and point size used in this brief was Times New Roman 14 and complies with LR 5.1(B).

This 20th day of May, 2004.

_____ /THL with express permission
Timothy H. Kratz

\\COM\415698.1