ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIGITAL ENVOY, INC.,

       Plaintiff,

    v.

GOOGLE, INC.,

       Defendant.

CIVIL ACTION

NO. 1:04-CV-0864-CAP

## O R D E R

This matter is now before the court on the plaintiff's emergency motion for expedited discovery [Doc. No. 3-1] and the defendant's motion to dismiss or transfer [Doc. Nos. 6-1, 6-2].

### Factual Background

Digital Envoy, Inc. ("Digital Envoy") and Google, Inc. ("Google") are parties to two separate contracts: (1) a non-disclosure agreement dated November 29, 2000 ("NDA"), attached as Ex. A. to Def.'s Mot. to Dismiss or Transfer; and (2) a license agreement dated November 30, 2000, and amended on December 21, 2000 and July 17, 2001 ("license agreement"), attached as Ex. B. to Def.'s Mot. to Dismiss or Transfer.  The NDA was entered in order to protect the confidential information disclosed by each party during negotiations.  The license agreement the parties ultimately entered into gives Google a limited, non-exclusive right to use Digital Envoy's technology, which enables the determination of the approximate geographic location of a visitor to a website.

13

Both the NDA and the license agreement contain forum selection clauses. Specifically, the NDA provides, "The exclusive venue for any dispute relating to this Agreement shall be in the state or federal courts within Santa Clara County, California." ¶ 14. Likewise, the license agreement provides, "Any lawsuit regarding this Agreement shall be filed in the state or federal courts in Santa Clara County, California." § 12.

Digital Envoy filed this action on March 29, 2004, alleging claims against Google for misappropriation of trade secrets, unfair competition, and unjust enrichment. Jurisdiction is premised on diversity of citizenship. Essentially, Digital Envoy contends that Google is using its technology beyond the scope of the license agreement, by applying it in areas outside of the search business and by sharing it with third parties. Google, however, maintains that its activities are wholly within the scope of the agreement.[1]

## Legal Analysis

### I.    The defendant's motion to dismiss or transfer

The court first considers Google's motion to dismiss for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or,

---

[1] In fact, on April 16, 2004, Google filed an action against Digital Envoy in the United States District Court for the Northern District of California, seeking, inter alia, a declaratory judgment that it has not used Digital Envoy's technology beyond the scope of the license agreement.

in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a), based on application of the forum selection clause in the license agreement.[2]  At the outset, Digital Envoy urges that Google's Rule 12(b)(3) motion is procedurally improper, as 28 U.S.C. § 1404(a) ordinarily controls a party's request to apply a contractual forum-selection clause.  The court agrees.

Google cites Lipcon v. Underwriters at Lloyd's, London for the proposition that Rule 12(b)(3) is a proper vehicle for disposing of cases where venue is lacking due to the application of a forum selection clause.  148 F.3d 1285 (11th Cir. 1998).  It is true that the Eleventh Circuit in Lipcon held that "motions to dismiss upon the basis of choice-of-forum and choice-of-law clauses are properly brought pursuant to Fed.R.Civ.P. 12(b)(3) as motions to dismiss for improper venue."  Id. at 1290.  However, that case concerned an international agreement in which England was selected as the sole forum for disputes.  Id.  Thus, while noting that "28 U.S.C. § 1404(a) . . . controls the request of a party in a diversity suit to give effect to a contractual forum-selection clause by transferring the action," id. (citing Stewart Org., Inc. v. Ricoh

_____

[2]  Google argues in the alternative that this action is improperly venued based on application of the forum selection clause in the NDA.  The court need not reach this issue, as it concludes that the forum selection clause in the license agreement requires a transfer of this action.

3

Corp., 487 U.S. 22, 32, 108 S. Ct. 2239, 2245 (1988)), the Lipcon
court found that § 1404(a) could not apply because the case
involved a forum selection clause requiring litigation in another
country. Id. Rule 12(b)(3) was therefore applied.

In cases since Lipcon, courts in the Eleventh Circuit have
generally assumed that its rule applies only where transfer is
impossible because the forum selection clause requires litigation
in a foreign country. See, e.g., Hollis v. Florida State Univ.,
259 F.3d 1295, 1300 n.5 (11th Cir. 2001) (indicating that the
Lipcon court held that "motions to dismiss upon the basis of
choice-of-forum and choice-of-law clauses [that purportedly require
litigation in another country] are properly brought pursuant to
Fed.R.Civ.P. 12(b)(3) as motions to dismiss for improper venue")
(emphasis added) (alteration in original); Thomas v. Rehab. Servs.
of Columbus, Inc., 45 F. Supp.2d 1375, 1378 (M.D. Ga. 1999)
(stating that where transfer to another federal forum is
appropriate, the proper remedy in enforcing a forum selection
clause is to transfer the case, and, accordingly, treating a
12(b)(3) motion as a motion to transfer pursuant to § 1404(a)).
See also Webster v. Royal Caribbean Cruises, Ltd., 124 F. Supp.2d
1317, 1320 (S.D. Fla. 2000) (restating and applying the Lipcon rule
where the forum selection clause selected another country as the

proper forum for disputes); <u>Wai v. Rainbow Holdings</u>, 2004 WL 943169, at *5 (S.D. Fla. Feb. 23, 2004) (same).

Indeed, Google has not cited, and this court has not found, any case law within this circuit indicating that the <u>Lipcon</u> rule extends to actions in which transfer to the proper forum is practicable. Accordingly, the court concludes that the appropriate procedural mechanism for enforcing the forum selection clause in this instance is 28 U.S.C. § 1404(a). Google's motion to dismiss is, therefore, DENIED; and the court will proceed to consider Google's motion in the alternative to transfer this action pursuant to § 1404(a).

The determination of whether to enforce a forum selection clause in a diversity action is governed by federal law, specifically 28 U.S.C. § 1404(a). <u>Stewart Org.</u>, 487 U.S. at 32, 108 S. Ct. at 2245. The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. <u>P & S Bus. Machs., Inc. v. Canon USA, Inc.</u>, 331 F.3d 804, 807 (11th Cir. 2003). In the instant case, Digital Envoy does not contest the validity of the forum selection clause but, rather, argues that the forum selection clause is inapplicable because it does not encompass the claims asserted in this action.

It is clear that a contractual forum selection clause may apply to claims sounding in tort as well as those sounding in

5

contract.  See, e.g., Stewart Org., Inc. v. Ricoh Corp., 810 F.2d
1066, 1070 (11th Cir. 1987) (en banc) (holding that the forum
selection clause at issue encompassed both contract and tort
claims), aff'd and remanded on other grounds, 487 U.S. 22, 108 S.
Ct. 2239 (1988).  See also Terra Int'l, Inc. v. Mississippi Chem.
Corp., 119 F.3d 688, 693-95 (8th Cir. 1997) (concluding that the
forum selection clause at issue encompassed the plaintiff's tort
claims); McNair v. Monsanto Co., 279 F. Supp.2d 1290, 1307-08 (M.D.
Ga. 2003) (same); Smith v. Prof'l Claims, Inc., 19 F. Supp.2d 1276,
1281-82 (M.D. Ala. 1998) (same).  Whether tort claims are governed
by forum selection provisions depends upon the intention of the
parties as reflected by the wording of the particular clauses and
the facts of each case.  See Terra Int'l, 119 F.3d at 693; McNair,
279 F. Supp.2d at 1307.

     As indicated previously, the forum selection clause at issue
in this case provides that "[a]ny lawsuit regarding this Agreement
shall be filed in the state or federal courts in Santa Clara
County, California."  License Agreement § 12.  Google argues that
the claims asserted in this action certainly "regard" the license
agreement, as they are all premised on allegations that Google's
current use of Digital Envoy's technology goes beyond the scope of
the agreement.  Digital Envoy argues, however, that its claims do
not concern the license agreement because the central issue is not

Google's performance under the agreement but, rather, its alleged tortious and extra-contractual use of Digital Envoy's technology in areas in which it does not have a license.

More specifically, Digital Envoy contends that this action is not governed by the forum selection clause because the tort claims it asserts are independent of the license agreement and would exist even if there were no agreement between the parties.  This argument is misguided.  While Digital Envoy might assert the same claims against Google in the absence of a contractual agreement between the parties, the fact remains that in this instance, there *is* an agreement; and one of the central issues in this case--if not *the* central issue in this case--is whether that agreement extends to Google's current use of Digital Envoy's technology.

Moreover, the forum selection clause in the license agreement is not limited, as Digital Envoy seems to suggest, to claims that are dependent upon the agreement or to those that allege breach of the agreement.  Rather, it encompasses "[a]ny lawsuit regarding this Agreement."  License Agreement § 12.  Digital Envoy's claims in this case clearly "regard" the license agreement, as they regard alleged activities that may or may not be covered by the agreement and, indeed, they will almost certainly fail if Google's use of its technology is found to be within the scope of the agreement.  See also Stewart Org., 810 F.2d at 1070 (holding that a forum selection

7

clause encompassing any "case or controversy arising under or in connection with this Agreement" included "all causes of action arising directly or indirectly from the business relationship evidenced by the contract"); Bullard v. Capital One, F.S.B., 288 F. Supp.2d 1256, 1258 (N.D. Fla. 2003) (stating, in the context of interpreting an arbitration clause, "The language in this case, allowing arbitration of 'any legal claim . . . regarding your account,' is broad.  Using ordinary English and contract interpretation principles, I read this clause as a very broad grant, encompassing all actions relating to, deriving from, and under the account or Agreement governing the account.   The agreement does not limit the scope of arbitration in any way; arbitration is not restricted to breach of contract claims or any other class of claim."); Cusano v. Klein, 196 F. Supp.2d 1007, 1011 (C.D. Cal. 2002) (noting that the plaintiff's claims had been transferred to that court because the parties entered into an agreement with a forum selection clause encompassing "any controversies regarding this Agreement" and consideration of the claims would require both interpretation of the agreement and a determination as to whether it had been repudiated).

Therefore, the court concludes that Digital Envoy's claims are governed by the forum selection clause in the license agreement. This does not end the matter, however, as the application of a

valid forum selection clause is not dispositive in considering a motion to transfer under § 1404(a).  See Stewart Org., 487 U.S. at 31, 108 S. Ct. at 2245.  Rather, in such instances, "the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute."  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).  Digital Envoy has made no attempt to do so and thus has not carried its burden.  Accordingly, Google's motion to transfer is GRANTED.

## II.  The plaintiff's emergency motion for expedited discovery

Because the court determines that this action must be transferred pursuant to 28 U.S.C. § 1404(a), it does not rule on the plaintiff's pending motion for expedited discovery.

### Conclusion

For the foregoing reasons, the court hereby:

(1) DENIES the defendant's motion to dismiss [Doc. No. 6-1];

(2) GRANTS the defendant's motion to transfer [Doc. No. 6-2]; and

(3) DIRECTS the clerk to transfer this action to the United States District Court for the Northern District of California.

SO ORDERED, this 21 day of May, 2004.

ENTERED ON DOCKET

MAY 2 5 2004

LUTHER D. THOMAS
By:
Deputy Clerk

CHARLES A. PANNELL, JR.
United States District Judge

9